**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **MANDEEP MANDEEP,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. CIV-26-2456-R** |
| **FRED FIGUEROA, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Mandeep Mandeep, a noncitizen[1] proceeding with counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1. United States District Judge David L. Russell referred this matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3. Respondents filed a response to the petition, Doc. 11, and Petitioner filed a reply. Doc. 12. So, the matter is at issue.

For the reasons below, the undersigned recommends that the Court **GRANT** the petition in part and order Petitioner's immediate release.

---

[1] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

## I. Factual background and procedural history.

Petitioner is a citizen of India who entered the United States on February 16, 2022. Doc. 1, Ex. 1, at 1. The Department of Homeland Security (DHS) detained Petitioner on or around this date. *See id*. Ex. 2, at 1 (order of release on recognizance, demonstrating that Petitioner was detained). On February 18, 2022, DHS initiated removal proceedings against Petitioner by filing a Notice to Appear (NTA) with the Immigration Court. *Id*. Ex. 1, at 1. On that same date, DHS released Petitioner on an order on recognizance. *Id*. Ex. 2, at 1. Petitioner's release was contingent on his enrollment and successful participation in a DHS-designated "Alternatives to Detention" program. *Id*. at 2. On May 12, 2022, Petitioner filed a Form I-589, Application for Asylum and Withholding of Removal, with the Immigration Court. Doc. 1, Ex. 3.

On July 31, 2026, an Oklahoma Highway Patrol (OHP) officer encountered Petitioner during a commercial-vehicle inspection. *Id*. Ex. 6, at 5. The OHP officer contacted immigration officials and was ordered to arrest Petitioner because he was unlawfully present in the United States. *Id*. Petitioner was then transported to a local jail before being placed in ICE custody on August 1, 2026. *Id*. On that date, ICE issued a warrant for Petitioner's arrest and provided him with written notice that he would be detained for the remainder of his proceedings. *Id*. Exs. 7-8.

On August 17, 2026, an Immigration Judge (IJ) denied Petitioner's request to be released on bond, finding that he constituted a flight risk. *Id.* Ex. 9, at 1. On October 29, 2026, an IJ denied Petitioner's applications for immigration relief and ordered him removed.[2] On November 2, 2026, Petitioner appealed the IJ's decision to the Board of Immigration Appeals (BIA), which remains pending.[3]

ICE is currently detaining Petitioner at the Diamondback Facility in Watonga, Oklahoma.[4] *See* Doc. 1, Ex. 10, at 1-2.

## II. Petitioner's claims.

Petitioner claims that his detention is unlawful because: (1) he was re-detained in violation of 8 U.S.C. § 1226(b) and 8 C.F.R. § 236.1(c)(9); and (2) his re-detention without meaningful review of how Respondents revoked his release violates his procedural due process rights. Doc. 1, at 11-13. Petitioner requests that the Court, in relevant part, order his immediate release under

---

[2] *See* EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last visited Nov. 16, 2026).

[3] *Supra* n.2.

[4] USCIS, Detainee Locator System, https://locator.ice.gov/odls/#/results (last visited Nov. 16, 2026).

the conditions of his February 18, 2022, order of release on recognizance. *Id.* at 15.

**III. Standard of review.**

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

**IV. Petitioner is entitled to habeas relief.**

Petitioner does not dispute that he received a bond hearing and does not challenge how the IJ arrived at his decision. Doc. 1, at 3; Doc. 12, at 2. Rather, Petitioner argues that his detention is unlawful because Respondents failed to adhere to their statutory and regulatory requirements under 8 U.S.C. § 1226(b) and 8 C.F.R. § 236.1(c)(9).

### A. Respondents violated their own regulations in re-detaining Petitioner.

The parties do not dispute that Petitioner's detention is governed under 8 U.S.C. § 1226(a). Doc. 1, at 2, 8-9; Doc. 11, at 1, 4; Doc. 12, at 2. Section 1226(a)(2)(B) permits a noncitizen who is subject to detention under § 1226(a) to be released on conditional parole.[5] A noncitizen's release under § 1226(a)(2)(B) implicates § 1226(b), which provides that DHS "at any time may revoke a bond or parole authorized under [§ 1226(a)], rearrest the alien under the original warrant, and detain the alien." The regulations also provide that a noncitizen's release "may be revoked at any time in the discretion of the district director [and certain other federal officers], *in which event* the alien may be taken into physical custody and detained. If detained, unless a breach has occurred, any outstanding bond shall be revoked and canceled." 8 C.F.R. § 236.1(c)(9) (emphasis added).

However, "notwithstanding the breadth of [§ 1226(b)'s] statutory language, the [BIA] has recognized an important implicit limitation on DHS's

---

[5] DHS released Petitioner under an order of recognizance. Doc. 1, Ex. 2, at 1. "Release on one's own recognizance is a form of conditional parole under § 1226(a)(2)(B)." *Singh v. Noem*, 824 F. Supp. 3d 1197, 1212 (D.N.M. Mar. 18, 2026); *see also Matter of Cabrera-Fernandez*, 28 I. & N. Dec. 747, 747 (BIA 2023) ("[Petitioners] were released on their own recognizance pursuant to DHS' conditional parole authority under [§ 1226(a)(2)(B)].").

authority. The BIA has held that 'where a previous bond determination has been made by an immigration judge, no change should be made by a District Director absent a change of circumstance.'" *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1196-97 (N.D. Cal. 2017) (quoting *Matter of Sugay*, 17 I. & N. Dec. 637, 640 (BIA 1981)), *aff'd sub nom. Saravia for A.H. v. Sessions*, 905 F.3d 1137 (9th Cir. 2018). "DHS has incorporated this holding into its practice, requiring a showing of changed circumstances both where the prior bond determination was made by an immigration judge and where the previous release decision was made by a DHS officer." *Id.* at 1197.

Respondents argue that DHS properly revoked Petitioner's prior release because it had served him with a warrant and a notice of a custody determination, which corroborate the February 18, 2022 NTA that charges Petitioner with being removable from the United States. Doc. 11, at 2; *see also* Doc. 1, Exs. 1, 7, 8. But these documents do not satisfy Respondents' responsibilities under 8 U.S.C. § 1226(b) and 8 C.F.R. § 236.1(c)(9). That Petitioner may be "removable" from the United States does not change the fact that his detention, release, and any revocations of release are governed by sections 1226(a) and 1226(b), and 8 C.F.R. § 236.1(c)(9). These authorities allow only an authorized official to revoke a noncitizen's release under § 1226(a)(2)(B). Petitioner's lack of status is not a changed circumstance that

requires his detention to be revoked and does not constitute an "adequate justification for the agency [to forgo] procedural safeguards put in place by Congress to provide an organized process for revoking conditional release." *Singh*, 824 F. Supp. 3d at 1214; *see also E.A.T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1322 (W.D. Wash. 2025) ("That the Government may believe it has a valid reason to detain Petitioner does not eliminate its obligation to effectuate the detention in a manner that comports with due process."); *Vikram v. Figueroa*, No. CIV-26-2055-J, Doc. 14, at *7 (W.D. Okla. Oct. 30, 2026) (finding that the fact that a petitioner was "removable" did not constitute a changed circumstance that warranted the revocation of his prior release), *report and recommendation adopted*, Doc. 17 (W.D. Okla. Nov. 13, 2026).

The undersigned finds that Respondents unlawfully detained Petitioner in violation of 8 U.S.C. § 1226(b) and 8 C.F.R. § 236.1(c)(9). Nothing in the record suggests that any authorized official exercised their discretion to revoke Petitioner's prior release. On Petitioner's original release order, there is a section that allows an authorized official to cancel Petitioner's release. Doc. 1, Ex. 2, at 1. The cancellation section of Petitioner's release order is blank, and Respondents have identified no separate decision by an authorized official revoking that release. This includes the warrant and notice of custody

determination, neither of which recognize Petitioner's prior release or were signed off by an authorized official[6] under § 236.1(c)(9). *See* Doc. 1, Exs. 7-8.

Respondents acknowledge the incomplete cancellation section. *See* Doc. 11, at 2 ("[I]t is true that DHS did not complete the cancellation of order section on the . . . Order of Release on Recognizance[.]"). This suggests that no authorized officer revoked Petitioner's conditional parole. *See Singh*, 824 F. Supp. 3d at 1212-13. This alone "is sufficient to find that proper procedures were not followed in effectuating Petitioner's detention." *Torres v. Grant*, No. CIV-26-619-D, 2026 WL 1256937, at *3 (W.D. Okla. May 7, 2026), *report and recommendation adopted in part,* 2026 WL 1625656 (W.D. Okla. June 5, 2026).[7]

---

[6] Although each document was signed off by an acting Supervisory Detention and Deportation Officer, such personnel are not among the listed officials under § 236.1(c)(9). Nothing suggests that either official had the authority to revoke Petitioner's conditional parole.

[7] Although he did not adopt the undersigned's recommendation to find that petitioner warranted release, Judge DeGiusti did not reject the undersigned's reasoning. *See Torres*, 2026 WL 1625656, at *2. Rather, Judge DeGiusti declined to adopt this aspect of the recommendation because he found "Petitioner did not allege that ICE violated any of its policies or procedures, or governing regulations or statutes in arresting and re-detaining him." *Id.*; *see also Singh v. Grant*, No. CIV-26-289-R, 2026 WL 1099500, at *3 (W.D. Okla. Apr. 22, 2026), *report and recommendation adopted,* 2026 WL 1483557 (W.D. Okla. May 27, 2026); *Singh v. Cerna*, No. CIV-26-1816-SLP, 2026 WL 2608118, at *4 (W.D. Okla. Sept. 3, 2026); *Pisfil Quesquen v. Figueroa*, No. CIV-26-1547-D, 2026 WL 3034466, at *4 (W.D. Okla. Oct. 9, 2026).

"The phrase 'in which event' demonstrates that revocation by a listed official is a necessary precondition to Petitioner being 'taken into custody and detained.'" *Singh*, 824 F. Supp. 3d at 1213; 8 C.F.R. § 236.1(c)(9). The record demonstrates that Respondents failed to follow this requirement. Thus, the undersigned finds that Respondents failed to adhere to the proper procedures in effectuating Petitioner's detention, making it unlawful.[8]

**B. Petitioner's immediate release is the appropriate remedy.**

An agency's regulations are legally binding on the agency, "as [the agency] is 'expected to render a decision in accord with its own collective belief.'" *Abedi v. Carter*, No. 25-3179, --- F.4th ----, 2026 WL 3149141, at *22 (10th Cir. Oct. 21, 2026) (quoting *Ramos v. Bondi*, 155 F.4th 1154, 1165 (10th Cir. 2025)). The Government's violation of "regulations that establish procedural protections for individuals . . . may constitute per se prejudice, negating the need for the plaintiff to make any additional showing of prejudice to be entitled to relief." *Id.* In *Abedi*, the Court held that ICE's failure to comply with 8 C.F.R. § 241.13(i), the regulations governing revocation of release for

---

[8] The undersigned also rejects Respondents' argument that the Court lacks jurisdiction to review the petition. Petitioner challenges the legal authority and procedures supporting his re-detention, not the IJ's discretionary determination that he presents a flight risk. *See* Doc. 1, at 3; Doc. 12, at 2.

noncitizens subject to a final order of removal, rendered the petitioner's arrest and detention invalid. *Id.* at 21. Importantly, the petitioner's ability to litigate his due process rights in a habeas petition did not cure the violation. *Id.* As a result, the Government's violation was "per se prejudicial, thus warranting habeas relief without the need for an additional showing of prejudice." *Id.*

Here, Respondents flouted a similar regulation governing the Government's authority to revoke a noncitizen's release while removal proceedings are pending. As in *Abedi*, the Government's violation was "per se prejudicial, thus warranting habeas relief without the need for an additional showing of prejudice." *Id.*; *see Singh*, 824 F. Supp. 3d at 1214. And a bond hearing serves as an insufficient remedy because it "cannot cure the fact that [Petitioner] is detained while his conditional parole is still ongoing because it has not been properly terminated." *Singh*, 824 F. Supp. 3d at 1215; *see also E.A.T.-B.*, 795 F. Supp. 3d at 1324 ("[A] post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty."); *Singh*, 2026 WL 1099500, at *3 ("The proper remedy here is immediate release as a bond hearing would not adequately address Respondents' improper detention of Petitioner.").

So, the undersigned recommends that the Court grant the petition and order Respondents to release Petitioner subject to the same conditions that

governed his earlier order of release on recognizance. *See Vikram*, No. CIV-26-2055-J, Doc. 17, at *2 (ordering the petitioner's release subject to "an appropriate order of supervision" when DHS improperly revoked his prior release).

## V. Recommendation and notice of right to object.

For the reasons above, the undersigned recommends that the Court grant Petitioner's request for habeas relief insofar as it seeks release based on the failure to validly revoke Petitioner's conditional parole and decline to reach the remaining procedural due process claim.

The undersigned further recommends the Court order Petitioner's immediate release subject to the same conditions that governed his February 18, 2022, release on recognizance. The undersigned also recommends that the Court order Respondents to file a declaration pursuant to 28 U.S.C. § 1746 confirming compliance, within five business days after entry of the Court's order. Finally, the undersigned recommends that the Court order Respondents to comply with all applicable laws and regulations before any future re-detention of Petitioner, including any applicable exercises of discretion, notice, and opportunity to be heard.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by November

20, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.[9] The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this16th day of November, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

9 Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231 & n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance–particularly where strict application would undermine the habeas review process.").